UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 10 B 00739 |
| | ) | Chapter 7 |
| GAIL K. BAILEY, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| BENSENVILLE COMMUNITY | ) | |
| CREDIT UNION, | ) | |
| | ) | Adversary No. 10 A 000538 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GAIL K. BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056, which incorporates by reference Federal Rule of Civil Procedure 56, filed by Bensenville Community Credit Union (the "Creditor") on its complaint to determine the dischargeability of a debt owed to it by Gail K. Bailey (the "Debtor") pursuant to 11 U.S.C. § 523(a)(6). For the reasons set forth herein, the Court grants the motion and finds the debt in the sum of $11,628.25 non-dischargeable.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (I), and (O).

-2-

## II. FACTS AND BACKGROUND

The Debtor filed a Chapter 7 bankruptcy petition on January 11, 2010. Thereafter, on April 13, 2010, the Creditor filed the instant adversary proceeding. The Creditor maintains that the Debtor destroyed a vehicle on which the Creditor had a lien and that the Debtor fraudulently reported the vehicle as stolen, thereby resulting in the Debtor's insurance company denying insurance coverage. The Creditor argues that the Debtor willfully and maliciously injured the collateral and/or acted with a reckless disregard for the collateral, thereby violating § 523(a)(6). The Debtor answered the complaint and denied the pertinent allegations contained therein.

On August 6, 2010, pursuant to Federal Rule of Civil Procedure 36 (incorporated by reference in Federal Rule of Bankruptcy Procedure 7036), the Creditor served on the Debtor a request to admit certain facts as true and certain documents as genuine. To date, the Debtor has failed to answer same, thus precipitating the instant motion. The Creditor argues that under Rule 36, the Debtor's failure to answer and deny the requests for admission deems admitted as true and genuine all matters contained therein. According to the Creditor, such deemed admissions under Rule 36(b) conclusively establish all elements of a prima facie case under § 523(a)(6). The Creditor concludes that the Debtor is now unable to challenge any of these facts and documents which have been deemed admitted under the Rule. The Court agrees with the Creditor and finds that there are no disputed issues of material fact and, as a matter of law, the Creditor is entitled to judgment.

-3-

## III. APPLICABLE STANDARDS

### A.    Summary Judgment

In order to prevail on a motion for summary judgment, the movant must meet the

statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made

applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.  Rule

56(c) reads in part as follows:

> The judgment sought should be rendered if the pleadings, the
> discovery and disclosure materials on file, and any affidavits
> show that there is no genuine issue as to any material fact and
> that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  *See also Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010).

The primary purpose of granting a summary judgment motion is to avoid unnecessary

trials when there is no genuine issue of material fact in dispute.  *Vukadinovich v. Bd. of Sch.*

*Trustees of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002); *Trautvetter v. Quick*,

916 F.2d 1140, 1147 (7th Cir. 1990).  Where the material facts are not in dispute, the sole

issue is whether the moving party is entitled to a judgment as a matter of law.  *ANR Advance*

*Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

On a motion for summary judgment, "the court has one task and one task only: to

decide, based on the evidence of record, whether there is any material dispute of fact that

requires a trial." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 507 (7th

Cir. 2010) (internal quotation omitted).  Summary judgment is the "put up or shut up

moment in a lawsuit," when a party must show what evidence it has that would convince a

-4-

trier of fact to accept its version of the events. *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2010) (internal quotation omitted).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 499-500 (7th Cir. 2008); *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

-5-

The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (*quoting* Fed. R. Civ. P. 56(c)).  Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990).

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois.  Hence, the case law construing LR 56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1.  Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens on the parties.  Specifically, the Rule requires the moving party to supplement its motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement").  The 7056-1 statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph.  Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankr.R. 7056-1B.  The

-6-

Creditor has filed its 7056-1 statement that substantially complies with the requirements of

Local Rule 7056. It contains numbered paragraphs setting out assertedly uncontested facts

with specific reference to parts of the record.

The party opposing a summary judgment motion is required by Local Rule 7056-2

to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph,

and to set forth any material facts that would require denial of summary judgment,

specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2.

The opposing party is required to respond "to each numbered paragraph in the moving

party's statement" and to make "specific references to the affidavits, parts of the record, and

other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly,

"[a]ll material facts set forth in the [7056-1] statement required of the moving party will be

deemed to be admitted unless controverted by the statement of the opposing party." Local

Bankr.R. 7056-2B; *see also Kasak v. Vill. of Bedford Park*, 563 F. Supp. 2d 864, 867 (N.D.

Ill. 2008).

Courts are entitled to expect strict compliance with local rules governing summary

judgment. *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008); *Raymond v.

Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006). The Debtor has not filed her 7056-2

statement. Accordingly, all material facts set forth in the Creditor's 7056-1 statement are

deemed admitted.

### B.    Requests for Admission

The Creditor asserts that there are no genuine issues of material fact because the

-7-

Debtor, by failing to respond to the Creditor's requests for admission, has admitted the elements essential to the Creditor's claim under § 523(a)(6).

Rule 36(a)(3) of the Federal Rules of Civil Procedure, which is incorporated by reference in Federal Rule of Bankruptcy Procedure 7036, provides that a party must answer each matter for which an admission is requested within thirty days after being served or the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3); *see also Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 607 (7th Cir. 2008). Furthermore, Rule 36(b) states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); *see also McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003). The Seventh Circuit has held that a defendant's failure to answer requests for admission constitutes admission of each matter for which admission was sought, and can serve as the factual predicate for summary judgment. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). The purpose of Rule 36(a) is to eliminate the necessity of proving uncontroverted facts, not to discover what the facts are. *AT&T Universal Card Servs. Corp. v. Sziel (In re Sziel)*, 209 B.R. 712, 713 (Bankr. N.D. Ill. 1997). "Admissions under Rule 36 stand in the same relation to the case that sworn evidence bears." *Dorsey v. Reconstruction Fin. Corp.*, 197 F.2d 468, 472 (7th Cir. 1952).

To date, the Debtor has failed to answer the requests for admission or respond to the pending motion within the time allowed by the Court. The Debtor's pro se status does not give her the right to ignore rules and procedural requirements. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Consequently, all matters contained in the Creditor's requests for admission are hereby deemed admitted pursuant to Rule 36(a)(3).

-8-

## C.    Exceptions to the Discharge of a Debt

The discharge provided by the Bankruptcy Code is meant to effectuate the "fresh start" goal of bankruptcy relief. *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002). The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *Goldberg Sec., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992); *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 957 (Bankr. N.D. Ill. 1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). *See also In re McFarland*, 84 F.3d 943, 946 (7th Cir. 1996); *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994). Exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor. *In re Morris*, 223 F.3d 548, 552 (7th Cir. 2000); *Kolodziej v. Reines* (*In re Reines*), 142 F.3d 970, 972-73 (7th Cir. 1998). "[Section 523(a)] is narrowly construed so as not to undermine the Code's purpose of giving the honest but unfortunate debtor a fresh start." *Park Nat'l Bank & Trust of Chi. v. Paul (In re Paul)*, 266 B.R. 686, 693 (Bankr. N.D. Ill. 2001).

## D.    11 U.S.C. § 523(a)(6)

Section 523 of the Bankruptcy Code enumerates specific, limited exceptions to the dischargeability of debts. Section § 523(a)(6) provides as follows:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt–
>
> .    .    .

-9-

(6) for willful and malicious injury by the
debtor to another entity or to the property of
another entity[.]

11 U.S.C. § 523(a)(6).

For a finding of non-dischargeability of a debt under § 523(a)(6), a creditor must

prove three elements by a preponderance of the evidence: (1) that the debtor intended to and

caused an injury to the creditor's person or property interest; (2) that the debtor's actions

were willful; and (3) that the debtor's actions were malicious. *Birriel v. Odeh (In re Odeh)*,

431 B.R. 807, 817 (Bankr. N.D. Ill. 2010); *Mut. Mgmt. Servs., Inc. v. Fairgrieves (In re*

*Fairgrieves)*, 426 B.R. 748, 756 (Bankr. N.D. Ill. 2010); *Baker Dev. Corp. v. Mulder (In re*

*Mulder)*, 307 B.R. 637, 641 (Bankr. N.D. Ill. 2004).

"Injury" has been defined as "the violation of another's legal right or the infliction

of an actionable wrong." *Fairgrieves*, 426 B.R. at 757. Injuries contemplated by § 523(a)(6)

are not confined to physical damage. *Id.* An injury to intangible personal or property rights

will suffice. *Id.*

"The word 'willful' in [§ 523](a)(6) modifies the word 'injury,' indicating that

nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or

intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)

(emphasis in original). Under *Geiger* and its stringent standards, to satisfy the requirements

of § 523(a)(6), a creditor must plead and prove that the debtor actually intended to harm him

and not merely that the debtor acted intentionally and he was thus harmed. *See id.* at 61-62.

In other words, the debtor must have intended the tortious consequences of his act. *See id.*;

*see also Berkson v. Gulevsky (In re Gulevsky)*, 362 F.3d 961, 964 (7th Cir. 2004). Injuries

-10-

either negligently or recklessly inflicted do not fall within the ambit of § 523(a)(6). *Geiger,* 523 U.S. at 64.

The Supreme Court has not defined the scope of the term "intent" utilized to describe willful conduct. *Fairgrieves,* 426 B.R. at 757; *Zamora v. Jacobs (In re Jacobs),* 403 B.R. 565, 581 (Bankr. N.D. Ill. 2009). Recent decisions, however, have generally found that either a showing of subjective intent to injure the creditor or a showing of subjective knowledge by the debtor that injury is substantially certain to result from his acts can establish the requisite intent required by *Geiger. Fairgrieves,* 426 B.R. at 757 (collecting cases).

As to the malice element, conduct is "malicious" if it is taken "in conscious disregard of one's duties or without just cause or excuse. . . ." *In re Thirtyacre,* 36 F.3d 697, 700 (7th Cir. 1994) (internal quotation omitted). The test for maliciousness under § 523(a)(6) is: (1) a wrongful act, (2) done intentionally, (3) which causes injury to the creditor, and (4) is done without just cause and excuse. *Paul,* 266 B.R. at 696. A debtor does not have to act with ill will or a specific intent to do harm to the creditor for the conduct to be malicious. *Thirtyacre,* 36 F.3d at 700. The key to maliciousness is consciousness of wrongdoing. *Centier Bank v. Young (In re Young),* 428 B.R. 804, 818 (Bankr. N.D. Ind. 2010). Whether an actor behaved willfully and maliciously is ultimately a question of fact reserved for the trier of fact. *Thirtyacre,* 36 F.3d at 700. Because a person will rarely admit to acting in a willful and malicious manner, those requirements must be inferred from the circumstances surrounding the injury. *Cutler v. Lazzara (In re Lazzara),* 287 B.R. 714, 723 (Bankr. N.D. Ill. 2002).

-11-

## IV. DISCUSSION

The Court finds that the Debtor's failure to answer the Creditor's requests for admission warrants the imposition of summary judgment in this matter because there are no disputed issues of material fact and the Creditor is entitled to judgment as a matter of law. Notwithstanding the denials in the Debtor's answer to the Creditor's complaint, the following facts, which are deemed admitted by the Debtor's failure to answer the requests for admission and by the Debtor's failure to respond to the summary judgment motion, establish the prima facie case under § 523(a)(6).

On September 24, 2005, the Debtor and the Creditor entered into a loan agreement in the amount of $16,833.37 whereby the Creditor financed the purchase of an automobile. (7056- statement ¶ 3; Request to Admit ¶ 1.) The loan agreement, which was signed by the Debtor, was secured by a lien on a 2005 KIA, four-door sedan vehicle (the "Vehicle"). (7056-1 statement ¶ 4; Request to Admit ¶ 2.) On her Schedule F, the Debtor listed the Creditor as unsecured and stated that the Vehicle was "stolen." (7056-1 statement ¶ 5; Request to Admit ¶ 4.) The Vehicle has not been surrendered to the Creditor, and the Creditor has not repossessed the Vehicle. (7056-1 statement ¶ 6; Request to Admit ¶ 4.)

On July 19, 2009, the Debtor had the Vehicle towed to an automobile repair shop. (7056-1 statement ¶ 7; Request to Admit ¶ 5.) The repair shop found that the Vehicle's engine was inoperable, and the Debtor elected to forego any repairs to the Vehicle. (7056-1 statement ¶ 8; Request to Admit ¶ 6.) The Debtor never repaired the Vehicle's engine. (7056-1 statement ¶ 9; Request to Admit ¶ 7.) On August 19, 2009, the Debtor filed a claim with her insurance company, State Farm, claiming that the Vehicle was stolen. (7056-1

-12-

statement ¶ 10; Request to Admit ¶ 8.) Thereafter, on October 10, 2009, the Debtor notified

the Creditor that the Vehicle had been stolen. (7056-1 statement ¶ 11; Request to Admit ¶

9.)

On October 12, 2009, State Farm denied the Debtor's insurance claim because

evidence revealed that the Debtor "concealed and misrepresented material facts in regards

to the theft" of the Vehicle and its condition. (7056-1 statement ¶ 12; Request to Admit ¶¶

10 & 11.) On that same date, State Farm reported possible fraudulent activity to the Chicago

police department regarding the Debtor's insurance claim. (7056-1 statement ¶ 13; Request

to Admit ¶¶ 12 & 13.)

The Debtor purposefully destroyed the Vehicle in order to fabricate a stolen vehicle

insurance claim. (7056-1 statement ¶ 14; Request to Admit ¶ 14.) The Debtor is indebted

to the Creditor in the sum of $11,628.25 as a result of the loan which was secured by the

Vehicle. (7056-1 statement ¶ 18.)

On September 1, 2010, the Creditor took the Debtor's deposition. (7056-1 statement

¶ 15.) At that time, the Debtor was again served with the request to admit facts. (7056-1

statement ¶ 16.) To date, this document remains unanswered. (*Id.*)

The Court finds that the Creditor has demonstrated the requisite elements to prove

a claim under § 523(a)(6). The Debtor has admitted to purposefully destroying the Vehicle

in order to fabricate a stolen vehicle insurance claim to State Farm. Based upon this

admission, the Court finds that the Debtor intended to and in fact caused an injury to the

Creditor's property interest in the Vehicle. Further, the Court finds that the Debtor's

intentional destruction of the Vehicle for the purpose of constructing a stolen vehicle claim

-13-

to her insurance company constitutes an act that is both willful and malicious.  The Debtor

intended to harm the Creditor's interest in the Vehicle.  Further, the Debtor's destruction of

the Vehicle was without just cause or excuse.  Consequently, the $11,628.25 debt owed by

the Debtor to the Creditor is non-dischargeable under § 523(a)(6).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants the Creditor's motion for summary

judgment and finds the debt owed by the Debtor to the Creditor in the sum of $11,628.25 is

non-dischargeable under § 523(a)(6).

This Opinion constitutes the Court's findings of fact and conclusions of law in

accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate order shall be

entered pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021.

**ENTERED:**

DATE: _____1/4/11_____          _____
                                          John H. Squires
                                        United States Bankruptcy Judge

cc:    See attached Service List

## SERVICE LIST

### Bensenville Community Credit Union v. Gail K. Bailey
**Adversary Case No. 10 A 00538**

Gail K. Bailey
311 Park Street
Bensenville, IL 60106

Kerry Trunkett, Esq.
Trunkett & Trunkett, P.C.
20 N. Wacker Drive, Suite 1449
Chicago, IL 60606

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604